IOWA LOAN & TRUST COMPANY, APPELLEE, v. BENJAMIN WHISTLER ET AL., APPELLANTS.

FILED OCTOBER 16, 1901.    No. 10,336.

1. Description of Land in Mortgage and Decree. When agricultural lands are described in a mortgage and decree of foreclosure and order of sale as certain numbered lots in a given section, town and range, and sold by the sheriff in one body or tract, the appraisement and sale of the land in one body will be taken as *prima facie* evidence that it consists of only one body or tract of land, used and enjoyed for one purpose, and sufficient to support the appraisement as made, in the absence of a showing that the land as described consists of separate and distinct tracts or parcels.

2. Appraisers: FREEHOLDERS: RETURN OF SHERIFF PRIMA FACIE EVIDENCE. When the return of the sheriff shows that the appraisers were freeholders, this is *prima facie* evidence of that fact, even though in the certificate of appraisement it is not certified the appraisers are freeholders.

3. Notice of Sale Sufficient. Notice of sale *held* sufficient, although not stating whose interest in the land was being sold, nor the amount due for the satisfaction of which the land was to be sold.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J.    *Affirmed.*

*Willis D. Oldham* and *J. M. Easterling,* for appellants.

*Fred A. Nye, contra.*

HOLCOMB, J.

From a final order of confirmation of sale of real estate on an order of sale in foreclosure proceedings and the overruling of objections thereto and to the appraisement made of the property sold, the defendants appeal.   The .objec-

tions argued in brief of counsel for appellants are as follows: It is first contended that the land was not appraised and sold in separate "lots" or parcels as should be done. The decree covered and included, as did the mortgage, under the findings of the court, the entire tract appraised and sold, which is described as "lots six, seven, eighteen, and nineteen in section eighteen in township twelve, north of range sixteen, west of the sixth principal meridian, in Buffalo county, Nebraska." The land is all in one section, evidently agricultural land, and in the absence of anything to the contrary we can only infer that it is one tract or parcel enjoyed and used for one purpose only and as such may be properly appraised and sold in one body, especially in view of the fact that its total value is less than required to satisfy the mortgage lien. The designation of the land as certain numbered lots in the section is the designation ordinarily used in the governmental survey where a quarter section can not be subdivided into tracts of forty acres each, the subdivisions when so made being more or less than forty acres, and yet, as respects the question of whether the land is composed of one body, tract or parcel, would be the same as were it described, as is generally the case, by subdivisions of the sections into quarters, eighties and forties. It is not contended nor is it argued that the body of land sold consisted of more than one parcel or tract except as it is designated as lots, and the sheriff's action in appraising and selling it as one entire tract, in the absence of a contrary showing, should, we think, be held sufficient *prima facie* evidence of that fact.

It is next contended that the certificate of the sheriff in the matter of the appraisement does not show that the appraisers called were freeholders and for that reason the appraisement is invalid. But it is shown by his return to the order of sale under which he acted and made the appraisement, that the two appraisers, naming them, who with him made the appraisement were two disinterested residents and freeholders. The return is in nowise challenged and is sufficient to show that the appraisers were

possessed of the qualifications required by statute in respect to their being freeholders.

Lastly, the notice of sale is challenged as being faulty and insufficient in that it does not state whose interest was to be sold nor the amount for which the sale was to be made. The notice contains all that is required by statute. The other information which it is urged it should contain is a matter of public record to which it refers and which may be ascertained by any one interested. *Stratton v. Reisdorph,* 35 Nebr., 314. The notice, we think, was sufficient.

The order of confirmation is

AFFIRMED.